UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:22-CR-13-REW-HAI-1 |
| v. | ) | |
| | ) | ORDER |
| JENNIFER LEE WEST, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 16 (Arraignment/Rearraignment Minute Entry), Magistrate Judge Ingram recommended that the undersigned accept Defendant Jennifer Lee West's guilty plea and adjudge her guilty of the count charged in the Information. *See* DE 19 at 2 (Recommendation); *see also* DE 15 (Information); DE 17 (Waiver of Indictment). Judge Ingram expressly informed Defendant of her right to object to the Recommendation to secure *de novo* review. *See* DE 19 at 2-3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 19, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of the lone count in the DE 15 Information.

2. Further, although Judge Ingram recommended as to forfeiture, the Court requires additional information and substantiation. Given the lack of a Plea Agreement and the content of the forfeiture allegations, the Court **DIRECTS** the United States to file a motion, if it seeks a forfeiture remedy, **by no later than July 18, 2022**. In that motion, the United States shall comply with Rule 32.1 and provide the basis for and details of any sought preliminary order, and include its view on the need for a hearing. Defendant **SHALL** respond, in kind, raising any objection and/or hearing request **within one week of any motion**. The matter then, as to forfeiture, shall stand submitted.

3. The Court will issue a separate sentencing order.[1]

This the 11th day of July, 2022.

Signed By:
*Robert E. Wier* REW
United States District Judge

---

[1] Upon concluding the hearing, Judge Ingram conditionally released West pending sentencing. *See* DE 16 (Rearraignment Minute Entry); DE 18 (Order Setting Release Conditions). Given the nature of the charge (a non-presumption offense under 18 U.S.C. § 641) and the overall record, the Court will maintain the status quo pending sentencing, absent an intervening order or event prompting a change.